# EXHIBIT A

Case: 4:17-cv-00022-RLW   Doc. #: 1-1   Filed: 01/06/17   Page: 2 of 33 PageID #: 6




**Your Missouri Courts**     Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print        Logon

## 1611-CC01008 - BAYWOOD RLTY & CONSTR CORP V NORTH SHORE DOOR CO (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending        Display Options: All Entries ▼

---

**12/21/2016**     **Notice of Service**
Return of Service of Summons Served upon Matthew T ODonnell
    **Filed By:** EARL ROBERT SCHULTZ III
    **On Behalf Of:** BAYWOOD RLTY & CONSTR CORP.

**Notice of Service**
Return of Service of Summons Served upon North Shore Commercial Door; Electronic Filing Certificate of Service.
    **Filed By:** EARL ROBERT SCHULTZ III

**Summons Personally Served**
Document ID - 16-SMOS-243; Served To - O'DONNELL, MATTHEW T; Server - ; Served Date - 09-DEC-16; Served Time - 12:00:00; Service Type - Sheriff Department; Reason Description - Served

**Agent Served**
Document ID - 16-SMOS-242; Served To - NORTH SHORE COMMERCIAL DOOR CO; Server - ; Served Date - 19-DEC-16; Served Time - 12:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO MATTHEW ODONNELL

**11/01/2016**     **Order**
ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS. JAC/DHB
    **Filed By:** JON A. CUNNINGHAM

**10/28/2016**     **Note to Clerk eFiling**
    **Filed By:** RONALD JAY EISENBERG

**Motion for Extension of Time**
Plt s Motion for Extension of Time to Serve Summonses and Petition
    **Filed By:** RONALD JAY EISENBERG
    **On Behalf Of:** BAYWOOD RLTY & CONSTR CORP.

**Summons Issued-Circuit**
Document ID: 16-SMOS-243, for O'DONNELL, MATTHEW T. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. CF

**Summons Issued-Circuit**
Document ID: 16-SMOS-242, for NORTH SHORE COMMERCIAL DOOR CO. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. CF

**10/26/2016**     **Pet Filed in Circuit Ct**
Class Action Junk-Fax Petition; Ex 1 Junk Fax.
    **On Behalf Of:** BAYWOOD RLTY & CONSTR CORP.

1/6/2017

Case.net: 1611-CC01008 - Docket Entries

**Filing Info Sheet eFiling**
   **Filed By:** RONALD JAY EISENBERG

**Judge Assigned**

---

Case.net Version 5.13.14.3                    Return to Top of Page                    Released 12/15/2016

**1611-CC01008**

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | |
|---|---|
| BAYWOOD RLTY & CONSTR CORP., | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | )　　**JURY TRIAL DEMANDED** |
| NORTH SHORE COMMERCIAL DOOR CO. d/b/a NORTH SHORE DOOR CO., INC. d/b/a NORTH SHORE RESIDENTIAL DOOR COMPANY, INC. d/b/a NORTH SHORE RESIDENTIAL DOOR d/b/a NORTH SHORE COMMERCIAL DOOR COMPANY, INC., | ) ) ) ) ) ) ) ) |
| | ) |
| **Serve:** | ) |
| Bonnie O'Donnell, Reg. Agent | ) |
| Matthew O'Donnell, President | ) |
| 162 Edgewood St. | ) |
| Elyria, OH 44035 | ) |
| or | ) |
| Bonnie O'Donnell, Reg. Agent | ) |
| Matthew T. O'Donnell, Pres. | ) |
| 157 S. Abbe Rd. | ) |
| Elyria, OH 44036 | ) |
| | ) |
| and | ) |
| | ) |
| MATTHEW T. O'DONNELL, | ) |
| | ) |
| **Serve:** | ) |
| 162 Edgewood St. | ) |
| Elyria, OH 44035 | ) |
| or | ) |
| 157 S. Abbe Rd. | ) |
| Elyria, OH 44036 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES 1-10, | ) |
| Defendants. | ) |

## CLASS ACTION JUNK-FAX PETITION

1

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

Plaintiff Baywood Rlty & Constr Corp., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant North Shore Door Co. d/b/a North Shore Commercial Door Co. d/b/a North Shore Residential Door Company, Inc. d/b/a North Shore Residential Door d/b/a North Shore Commercial Door Company, Inc., Defendant Matthew T. O'Donnell, and Defendants John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Baywood Rlty & Constr Corp. (Baywood) is a Missouri corporation in good standing with the Missouri Secretary of State to transact business in Missouri.

2.      Defendant North Shore Door Co. (North Shore) is an Ohio corporation registered with the Ohio Secretary of State to transact business in Ohio and not registered with the Missouri Secretary of State.

3.      North Shore has done business as North Shore Commercial Door Co., North Shore Residential Door Company, Inc., and North Shore Residential Door.

4.      North Shore's officers have done business as North Shore Commercial Door Co., North Shore Residential Door Company, Inc., North Shore Residential Door, and North Shore Commercial Door Company, Inc.

5.      North Shore Door Co., North Shore Commercial Door Co., North Shore Residential Door Company, Inc., North Shore Residential Door, and North

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

Shore Commercial Door Company, Inc., are not legal entities registered with the Ohio Secretary of State to transact business in Ohio, nor registered with the Missouri Secretary of State to transact business in Missouri.

6.    John Does 1-10 are not presently known.

7.    This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

8.    Venue is proper under Missouri Revised Statutes § 508.010.2.

## THE FAX

9.    On or about March 27, 2013, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Baywood's telephone facsimile machine at (314) 962-9902 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

10.    The Fax identifies "North Shore Commercial Door Co." and includes

11.    Baywood received the Fax through Baywood's facsimile machine.

12.    Baywood did not and does not use an e-fax software program to receive faxes as Portable Document Format or "PDF" email attachments.

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

13.     The Fax constitutes material advertising the quality or commercial availability of any property or goods, including key fobs and dip switches.

14.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property or goods to Baywood and to at least 100 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

15.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

16.     Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

17.     Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Baywood and to other members of the "Class" as defined below.

18.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future

4

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

19.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

20.     Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

21.     Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

22.    The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

23.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

24.    On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

25.    Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

26.    Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

27.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

28.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

29.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

All persons in the United States who on or after four years prior to

7

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property or goods (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

31.    Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

32.    This case is appropriate as a class action because:

a.    Numerosity.  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 100 persons and is so numerous that joinder of all members is impracticable.

b.    Commonality.   Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property or goods;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property or goods;

    iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

8

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

v.  Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi.  Whether Defendants violated 47 U.S.C. § 227;

vii.  Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

viii.  Whether Defendants violated 47 C.F.R. § 64.1200;

ix.  Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.  Whether the Court should award statutory damages per TCPA violation per fax;

xi.  Whether the Court should award treble damages per TCPA violation per fax; and

xii.  Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.  <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.  <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 40 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.  <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class

9

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

34.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

35.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

36.    The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

10

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

37.   "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

38.   Because the TCPA is a strict liability statute, Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

39.   Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

    a.   receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

    b.   Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

    c.   Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

    d.   Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

40.   Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

41.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property or goods, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

42.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a.   certify this action as a class action and appoint Plaintiff as Class representative;

b.   appoint the undersigned counsel as Class counsel;

c.   award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.   award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.   enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.   award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.   award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.   award Plaintiff prejudgment interest and costs; and

Electronically Filed - St Charles Circuit Div - October 26, 2016 - 09:31 AM

    i.      grant Plaintiff all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

SCHULTZ & ASSOCIATES LLP

By: _Ronald J. Eisenberg_/

Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

13



## IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC01008 |
|---|---|
| Plaintiff/Petitioner:<br>BAYWOOD RLTY & CONSTR CORP.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>NORTH SHORE COMMERCIAL DOOR CO<br>DBA:   NORTH SHORE DOOR CO., INC.<br>DBA:   NORTH SHORE RESIDENTIAL DOOR<br>COMPANY INC<br>DBA:   NORTH SHORE RESIDENTIAL DOOR<br>DBA:   NORTH SHORE COMMERCIAL DOOR<br>COMPANY, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   NORTH SHORE COMMERCIAL DOOR CO
      DBA:   NORTH SHORE DOOR CO., INC.
      DBA:   NORTH SHORE RESIDENTIAL DOOR COMPANY INC
      DBA:   NORTH SHORE RESIDENTIAL DOOR
      DBA:   NORTH SHORE COMMERCIAL DOOR COMPANY, INC.

BONNIE O'DONNELL REG AGENT                BONNIE O'DONNELL REG AGENT
MATTHEW O'DONNELL PRESDIENT          MATTHEW T O'DONNEL PRESIDENT
162 EDGEWOOD ST                             157 S ABBE RD
ELRYIA, OH 44035                          BLYRIA, OH  44036

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**10/28/2016**                                     **/S/ Judy Zerr**
*ST. CHARLES COUNTY*      Date                                 Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ , a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                    (use for out-of-state officer)
*(Seal)*                ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



### IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC01008 |
| Plaintiff/Petitioner:<br>BAYWOOD RLTY & CONSTR CORP.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>NORTH SHORE COMMERCIAL DOOR CO<br>DBA:  NORTH SHORE DOOR CO., INC.<br>DBA:  NORTH SHORE RESIDENTIAL DOOR<br>COMPANY INC<br>DBA:  NORTH SHORE RESIDENTIAL DOOR<br>DBA:  NORTH SHORE COMMERCIAL DOOR<br>COMPANY, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  MATTHEW T O'DONNELL
Alias:

162 EDGEWOOD ST.
ELYRIA, OH 44035

157 S ABBE RD
ELYRIA, OH 44036

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<u>10/28/2016</u>
Date

<u>/S/ Judy Zerr</u>
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ , a person of the Defendant's/Respondent's family over the age of 15 years.
    - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - St Charles Circuit Div - October 28, 2016 - 01:35 PM

# IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
### COUNTY OF ST. CHARLES

| | | |
|---|---|---|
| **BAYWOOD RLTY & CONSTR CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1611-CC01008** |
| | ) | |
| **v.** | ) | **Div. 5** |
| | ) | |
| **NORTH SHORE COMMERCIAL DOOR CO. d/b/a NORTH SHORE DOOR CO., INC. d/b/a NORTH SHORE RESIDENTIAL DOOR COMPANY, INC. d/b/a NORTH SHORE RESIDENTIAL DOOR d/b/a NORTH SHORE COMMERCIAL DOOR COMPANY, INC., et al.,** | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE DEFENDANTS

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants be extended to 90 days from issuance of the summonses on October 26, 2016, in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Today Plaintiff mailed Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.  Rule 54.16 grants the recipients 30 days to complete and return the Form 4B notice.  Rule 54.16 states that "[u]nless good cause is shown for not doing so, the court shall order the payment of costs of

Electronically Filed - St Charles Circuit Div - October 28, 2016 - 01:35 PM

service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons."

The new service deadline would be January 26, 2017.

SO ORDERED THIS ____ DAY OF _____, 2016

_____

Jon Cunningham, Circuit Judge

SCHULTZ & ASSOCIATES LLP

By: _____

Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that on October 28, 2016, this document was eFiled and served by U.S. Mail to Defendants at :

Matthew T. O'Donnell
162 Edgewood St.
Elyria, OH 44035

Matthew T. O'Donnell
157 S. Abbe Rd.
Elyria, OH 44036

Bonnie O'Donnell, Reg. Agent
Matthew O'Donnell, President
North Shore Door Co. d/b/a North
Shore Commercial Door Co. d/b/a
North Shore Residential Door
Company, Inc. d/b/a North Shore
Residential Door d/b/a North Shore
Commercial Door Company, Inc.
162 Edgewood St.
Elyria, OH 44035

Bonnie O'Donnell, Reg. Agent
Matthew T. O'Donnell, President
North Shore Door Co. d/b/a North
Shore Commercial Door Co. d/b/a
North Shore Residential Door
Company, Inc. d/b/a North Shore
Residential Door d/b/a North Shore
Commercial Door Company, Inc.
157 S. Abbe Rd.
Elyria, OH 44036

Electronically Filed - St Charles Circuit Div - October 28, 2016 - 01:35 PM

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

BAYWOOD RLTY & CONSTR )
CORP., )
       )
    **Plaintiff,** )   **No. 1611-CC01008**
       )
**v.** )   **Div. 5**
       )
NORTH SHORE COMMERCIAL )
DOOR CO. d/b/a NORTH SHORE )
DOOR CO., INC. d/b/a NORTH )
SHORE RESIDENTIAL DOOR )
COMPANY, INC. d/b/a NORTH )
SHORE RESIDENTIAL DOOR )
d/b/a NORTH SHORE )
COMMERCIAL DOOR COMPANY, )
INC., et al., )
       )
    **Defendants.** )

**FILED**
NOV 04 2016
JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

ORDER Granting

(D.H.B.)

## PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE DEFENDANTS

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants be extended to 90 days from issuance of the summonses on October 26, 2016, in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Today Plaintiff mailed Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail. Rule 54.16 grants the recipients 30 days to complete and return the Form 4B notice. Rule 54.16 states that "[u]nless good cause is shown for not doing so, the court shall order the payment of costs of

Electronically Filed - St Charles Circuit Div - October 28, 2016 - 01:35 PM

service on the person served if such person does not complete and return within thirty days after mailing, the notice and acknowledgment of receipt of summons."

The new service deadline would be January 26, 2017.

SO ORDERED THIS _1_ DAY OF _Novmb_, 2016

Jon Cunningham, Circuit Judge

SCHULTZ & ASSOCIATES LLP

By: _____
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that on October 28, 2016, this document was eFiled and served by U.S. Mail to Defendants at :

Matthew T. O'Donnell
162 Edgewood St.
Elyria, OH 44035

Matthew T. O'Donnell
157 S. Abbe Rd.
Elyria, OH 44036

Bonnie O'Donnell, Reg. Agent
Matthew O'Donnell, President
North Shore Door Co. d/b/a North
Shore Commercial Door Co. d/b/a
North Shore Residential Door
Company, Inc. d/b/a North Shore
Residential Door d/b/a North Shore
Commercial Door Company, Inc.
162 Edgewood St.
Elyria, OH 44035

Bonnie O'Donnell, Reg. Agent
Matthew T. O'Donnell, President
North Shore Door Co. d/b/a North
Shore Commercial Door Co. d/b/a
North Shore Residential Door
Company, Inc. d/b/a North Shore
Residential Door d/b/a North Shore
Commercial Door Company, Inc.
157 S. Abbe Rd.
Elyria, OH 44036

2



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC01008 |
|---|---|
| Plaintiff/Petitioner:<br>BAYWOOD RLTY & CONSTR CORP.<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>NORTH SHORE COMMERCIAL DOOR CO<br>DBA:  NORTH SHORE DOOR CO., INC.<br>DBA:  NORTH SHORE RESIDENTIAL DOOR<br>COMPANY INC<br>DBA:  NORTH SHORE RESIDENTIAL DOOR<br>DBA:  NORTH SHORE COMMERCIAL DOOR<br>COMPANY, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  NORTH SHORE COMMERCIAL DOOR CO
DBA:  NORTH SHORE DOOR CO., INC.
DBA:  NORTH SHORE RESIDENTIAL DOOR COMPANY INC
DBA:  NORTH SHORE RESIDENTIAL DOOR
DBA:  NORTH SHORE COMMERCIAL DOOR COMPANY, INC.

BONNIE O'DONNELL REG AGENT
MATTHEW O'DONNELL PRESDIENT
162 EDGEWOOD ST
ELYRIA, OH 44035

BONNIE O'DONNELL REG AGENT
MATTHEW T O'DONNEL PRESIDENT
157 S ABBE RD
BLYRIA, OH 44036

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<u>**10/28/2016**</u>
Date

<u>**/S/  Judy Zerr**</u>
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
  (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

LORAIN COUNTY SHERIFF
9896 MURRARY RIDGE ROAD
ELYRIA OHIO 44035

Case Number:     1611CC01008

Case Name:  BAYWOOD REALTY & CONSTRUCTION CORP vs. NORTH SHORE COMMERCIAL
DOOR

### SHERIFF'S RETURN

#### Summons

I received this **Summons** on **December 7, 2016** and; on **December 19, 2016 NORTH SHORE
COMMERCIAL DOOR** was **Served** by **Business** at **162 EDGEWOOD STREET ELYRIA, OH 44035** .

Business service of said documents completed to Matthew O'Donnell **,** a person of suitable age and discretion
therein, a copy of same and accompanying documents on **12/19/2016.**

**Phil R. Stammitti, Sheriff**

By: *Timothy O. Gallagher*
Deputy

SHERIFF FEES:
**Summons**                  **$6.00**
**Docketing & Postage**   **$0.72**
**Mileage**                    **$6.00**

**Total**                      **$12.72**

Received - Lorain County Sheriff, Civil Branch
2016 December 7th 10:54 AM
Phil R. Stammitti, Sheriff

Please refer to Sheriff Number 16005470 when submitting payment
1611CC01008



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC01008 |
|---|---|
| Plaintiff/Petitioner:<br>BAYWOOD RLTY & CONSTR CORP.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>NORTH SHORE COMMERCIAL DOOR CO<br>DBA: NORTH SHORE DOOR CO., INC.<br>DBA: NORTH SHORE RESIDENTIAL DOOR<br>COMPANY INC<br>DBA: NORTH SHORE RESIDENTIAL DOOR<br>DBA: NORTH SHORE COMMERCIAL DOOR<br>COMPANY, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **MATTHEW T O'DONNELL**
    Alias:

162 EDGEWOOD ST.
ELYRIA, OH 44035

157 S ABBE RD
ELYRIA, OH 44036

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

__10/28/2016__                                          __/S/ Judy Zerr__
       Date                                                    Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____ .
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*           ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

                                                 _____
                                                 Signature and Title

**Service Fees, if applicable**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 16-SMOS-243**          1 of 2      (1611-CC01008)          Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                                506.500, 506.510 RSMo

LORAIN COUNTY SHERIFF
9896 MURRARY RIDGE ROAD
ELYRIA OHIO 44035

Case Number:    1611CC01008
Sheriff Number:   16005470

Case Name:  BAYWOOD REALTY & CONSTRUCTION CORP vs. NORTH SHORE COMMERCIAL
DOOR

### SHERIFF'S RETURN

**Summons**

I received this **Summons** on **December 7, 2016** and; on **December 9, 2016 MATTHEW O'DONNELL** was
**Served** by **Personal Service** at **162 EDGEWOOD STREET ELYRIA, OH 44035** .

**Phil R. Stammitti, Sheriff**

By: *Timothy O. Gallagher*
Deputy

SHERIFF FEES:
**Summons**    **$6.00**
**Mileage**     **$6.00**

**Total**       **$12.00**

Received - Lorain County Sheriff, Civil Branch
2016 December 7th 10:54 AM
Phil R. Stammitti, Sheriff

Please refer to Sheriff Number 16005470 when submitting payment
1611CC01008

Electronically Filed - St Charles Circuit Div - December 21, 2016 - 09:57 PM



## IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC01008 |
|---|---|
| Plaintiff/Petitioner:<br>BAYWOOD RLTY & CONSTR CORP.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>NORTH SHORE COMMERCIAL DOOR CO<br>DBA:  NORTH SHORE DOOR CO., INC.<br>DBA:  NORTH SHORE RESIDENTIAL DOOR<br>COMPANY INC<br>DBA:  NORTH SHORE RESIDENTIAL DOOR<br>DBA:  NORTH SHORE COMMERCIAL DOOR<br>COMPANY, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **NORTH SHORE COMMERCIAL DOOR CO**
**DBA:  NORTH SHORE DOOR CO., INC.**
**DBA:  NORTH SHORE RESIDENTIAL DOOR COMPANY INC**
**DBA:  NORTH SHORE RESIDENTIAL DOOR**
**DBA:  NORTH SHORE COMMERCIAL DOOR COMPANY, INC.**

**BONNIE O'DONNELL REG AGENT**
**MATTHEW O'DONNELL PRESDIENT**
**162 EDGEWOOD ST**
**ELYRIA, OH 44035**

**BONNIE O'DONNELL REG AGENT**
**MATTHEW T O'DONNEL PRESIDENT**
**157 S ABBE RD**
**BLYRIA, OH 44036**

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**10/28/2016**
Date

**/S/  Judy Zerr**
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am:  (check one)    ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

Electronically Filed - St Charles Circuit Div - December 21, 2016 - 09:57 PM

LORAIN COUNTY SHERIFF
9896 MURRARY RIDGE ROAD
ELYRIA OHIO 44035

Case Number:     1611CC01008

Case Name: BAYWOOD REALTY & CONSTRUCTION CORP vs. NORTH SHORE COMMERCIAL
DOOR

### SHERIFF'S RETURN

#### Summons

I received this **Summons** on **December 7, 2016** and; on **December 19, 2016 NORTH SHORE
COMMERCIAL DOOR** was **Served** by **Business** at **162 EDGEWOOD STREET ELYRIA, OH 44035** .

Business service of said documents completed to Matthew O'Donnell , a person of suitable age and discretion
therein, a copy of same and accompanying documents on **12/19/2016.**

**Phil R. Stammitti, Sheriff**

By: *Timothy O. Gallagher*
                              Deputy

SHERIFF FEES:
| | |
|---|---|
| **Summons** | **$6.00** |
| **Docketing & Postage** | **$0.72** |
| **Mileage** | **$6.00** |
| **Total** | **$12.72** |

Received - Lorain County Sheriff, Civil Branch
2016 December 7th 10:54 AM
Phil R. Stammitti, Sheriff

Please refer to Sheriff Number 16005470 when submitting payment
1611CC01008

Electronically Filed - St Charles Circuit Div - December 21, 2016 - 09:57 PM



## IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC01008 |
| Plaintiff/Petitioner:<br>BAYWOOD RLTY & CONSTR CORP.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>NORTH SHORE COMMERCIAL DOOR CO<br>DBA: NORTH SHORE DOOR CO., INC.<br>DBA: NORTH SHORE RESIDENTIAL DOOR<br>COMPANY INC<br>DBA: NORTH SHORE RESIDENTIAL DOOR<br>DBA: NORTH SHORE COMMERCIAL DOOR<br>COMPANY, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MATTHEW T O'DONNELL
Alias:

162 EDGEWOOD ST.
ELYRIA, OH 44035

157 S ABBE RD
ELYRIA, OH 44036

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**ST. CHARLES COUNTY**

__10/28/2016__
Date

__/S/ Judy Zerr__
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_(Seal)_

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - St Charles Circuit Div - December 21, 2016 - 09:57 PM

LORAIN COUNTY SHERIFF
9896 MURRARY RIDGE ROAD
ELYRIA OHIO 44035

Case Number:     1611CC01008
Sheriff Number:   16005470

Case Name:  BAYWOOD REALTY & CONSTRUCTION CORP vs. NORTH SHORE COMMERCIAL
DOOR

### SHERIFF'S RETURN

#### Summons

I received this **Summons** on **December 7, 2016** and; on **December 9, 2016 MATTHEW O'DONNELL** was
**Served** by **Personal Service** at **162 EDGEWOOD STREET ELYRIA, OH 44035 .**

**Phil R. Stammitti, Sheriff**

By: *Timothy O. Gallagher*
                                Deputy

SHERIFF FEES:
**Summons**   **$6.00**
**Mileage**   **$6.00**

**Total**   **$12.00**

Received - Lorain County Sheriff, Civil Branch
2016 December 7th 10:54 AM
Phil R. Stammitti, Sheriff

Please refer to Sheriff Number 16005470 when submitting payment
1611CC01008